IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DASAY L. HOLLINQUEST, | No. 2:18-cv-01840-AC |
| Plaintiff, | ORDER |
| v. | |
| S. SUH, Chaplain; B. CAIN, Superintendent; S. TOTH, Chaplain; S. YOUNG, Assistant Administrator Religious Services; DENNIS HOLMES, Administrator Religious Services; and S. MECHAM, Executive Assistant, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation ("F&R") [ECF 32] on March 23, 2020, in which he recommends that this Court deny Defendants' Motion for Summary Judgment [ECF 22] with regard to Plaintiff's First Amendment Free Exercise claim for monetary damages against Defendants Toth, Suh, and Young, and grant the motion in all other respects.

1 - ORDER

The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's F&R. Pl.'s Obj., ECF 41. When any party objects to any portion of the F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff opposes the F&R to the extent it recommends granting summary judgment to Defendant Suh on Plaintiff's First Amendment claim of retaliation. The Court has carefully considered Plaintiff's objections, reviewed the pertinent portions of the record *de novo*, and concludes that Suh is not entitled to summary judgment on the retaliation claim. Specifically, Plaintiff's assertion that Suh told him "he was going to make an exception" to the denial of Plaintiff's request to participate in Ramadan meals, "but Plaintiff grieved him" creates a material issue of fact as to whether Suh's denial was retaliatory. Hollinquest Decl. ¶ 18, ECF 28. Accordingly, a jury must resolve whether Suh's reasons for refusing to reverse his decision, *i.e.*, Plaintiff signing up too late for Ramadan meal participation and not actively participating in Islamic services, were legitimate or pretextual. *See Shepard v. Quillen*, 840 F.3d 686, 692 (9th Cir. 2016) ("[A] prison official who uses a valid procedure as subterfuge to obscure retaliation 'cannot assert that his action served a valid penological purpose, even though the prisoner may have arguably ended up where he belonged.'") (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003)).

///

///

## CONCLUSION

The Court adopts in part Magistrate Judge Acosta's F&R [ECF 32]. Therefore, Defendants' Motion for Summary Judgment [ECF 22] is denied as to both the First Amendment Free Exercise claim against Defendants Toth, Suh, and Young in their individual capacities and the First Amendment retaliation claim against Defendant Suh in his individual capacity. Defendants' motion is granted in all other respects.

IT IS SO ORDERED.

DATED: ___September 29, 2020___.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER